IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:19-cr-57 (LO) |
| JOSHUA ANDREW MILIARESIS, | |
| Defendant. | |

FILED IN OPEN COURT
DEC 17 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

STATEMENT OF FACTS

The United States and the defendant, Joshua Andrew Miliaresis (the "Defendant"), agree that the United States would have proven the following facts at trial, beyond a reasonable doubt, with admissible and credible evidence:

1. Beginning in or about 2016, and continuing thereafter up to and including July 2019, in Fairfax County, Virginia, within the Eastern District of Virginia and elsewhere, the Defendant did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with Tony Le, Tasneef Chowdhury, Young Yoo, Sascha Amadeus Carlisle, Tyler Le, and others, both known and unknown, to unlawfully, knowingly, and intentionally manufacture, distribute, and possess with the intent to manufacture and distribute 1,000 or more marijuana plants, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. In and around 2016, the Defendant traveled with an uncharged co-conspirator to meet with Tony Le in the Eastern District of Virginia. During this meeting, the Defendant and Tony Le came to an arrangement wherein Tony Le agreed to invest approximately $180,000 to $200,000 in a marijuana grow operation located in Hayfork, California. Tony Le's investment was for two years, and the investment was used to build greenhouses on one of the land parcels.

These greenhouses were used to cultivate marijuana plants. In return for his investment, Tony Le received a percentage of the marijuana cultivated, and the workers that Tony Le sent to the property to cultivate the marijuana also received a percentage of the marijuana. During the course of the conspiracy, the Defendant was aware that Tony Le and his co-conspirators sold the marijuana in Virginia.

3. After meeting and agreeing to terms with Tony Le, the Defendant began operating the marijuana grow operation in Hayfork, California. The operation consisted of several land parcels. The Defendant had an ownership interest in the land parcel located at 81 Bass Lane, Hayfork, California. The Defendant also helped manage adjacent land parcels located at 91 Bass Lane and 12 Bass Lane, Hayfork, California.

4. Over the course of the conspiracy, the Defendant was in regular contact with Tony Le, who took an active interest in the marijuana grow operation. Tony Le and others referred to the marijuana grow operation as the "farm." Tony Le had drivers, including Sascha Amadeus Carlisle, Tyler Le, and others, travel to the farm to pick up the marijuana and drive it to Orange County, California. From there the marijuana was sent to the Eastern District of Virginia, where members of the Reccless Tigers gang and its affiliate gangs, including Club Tiger, distributed the marijuana in schools and other locations.

5. Over the course of the conspiracy, Tony Le and Peter Le sent individuals including, but not limited to, Tasneef Chowdhury, Bradley Sullivan, Anthony Nguyen Thanh Le, and Kevin Aagesen, to work on the farm in Hayfork. Chowdhury was one of the most productive workers and managed the farm when the Defendant was absent. The Defendant was aware that many of these individuals worked on the farm to pay off drug debts owed to the Reccless Tigers and its affiliate gangs.

6. The Defendant was also aware that members of the Reccless Tigers gang and its affiliate gangs regularly obtained 100 to 150 pounds of marijuana from another source of supply located in Hayfork.

7. On July 24, 2019, law enforcement executed a court-authorized search of the land parcels comprising the farm. During this search, law enforcement seized approximately 8,200 marijuana plants from the land parcels located at 91 Bass Lane, 81 Bass Lane, and 12 Bass Lane. The marijuana plants seized by law enforcement were being grown for the Reccless Tigers. Tony Le visited the farm and observed the marijuana grow operation approximately eight days prior to the court-authorized search. The Defendant and Chowdhury were present when law enforcement executed the court-authorized search of the farm. Chowdhury was aiding the Defendant in the manufacture of the marijuana plants for the Reccless Tigers. Young Yoo was also present at the farm that day; however, he managed to flee the farm before law enforcement could arrest him.

8. After the Defendant and Chowdhury were arrested at the farm, the Defendant waived his rights and agreed to speak to law enforcement. The Defendant admitted to his role in the charged conspiracy, including the facts described above.

9. During the course of this conspiracy, the Defendant was personally involved in the manufacture and distribution of, or it was reasonably foreseeable to the Defendant that his co-conspirators manufactured and distributed in furtherance of the conspiracy, at least 700 kilograms but less than 1,000 kilograms of converted drug weight (Level 28).

10. The acts taken by the Defendant in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law, and were not committed by mistake, accident or other innocent reason.

11. The foregoing statement of facts does not describe all of the Defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the Defendant may have engaged in illegal activities.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By: _____
        James L. Trump
        Carina A. Cuellar
        Assistant United States Attorneys

<u>Defendant's Signature</u>: After consulting with my attorney and pursuant to the plea agreement entered into this day between the Defendant, Joshua Andrew Miliaresis, and the United States, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 12/17/19

Joshua Andrew Miliaresis
Defendant

<u>Defense Counsel Signature</u>: I am counsel for the Defendant in this case. I have carefully reviewed the above statement of facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 12/17/19

Michael Arif, Esq.
Counsel for the Defendant

5